UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER FOSTER,

    *Plaintiff*,

v.

    Case No. 1:21-cv-2273-RCL

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    *Defendants*.

## MEMORANDUM ORDER

Incarcerated plaintiff Christopher Foster filed suit *pro se*[1] against the United States Department of Justice ("DOJ"), the "White House," the Cincinnati Police Department, and the Ohio Department of Rehabilitation and Correction. Am. Compl., ECF No. 14. Plaintiff alleges that the DOJ is "liable for their 42 USCS 12205g compliance failure ratification," citing a series of disability related statutes (including the Americans with Disabilities Act) and executive orders, along with various constitutional amendments. *Id.* ¶¶ 1–10. For the reasons below, the Court **DISMISSES** the amended complaint *sua sponte*.

Foster's amended complaint is hard to decipher. At times, he invokes the Americans with Disabilities Act ("ADA"), *id.* ¶ 24; Title V of the Civil Rights Act of 1964, *id.* ¶ D; the Commerce Clause and Spending Clause, *id.* ¶ 41; the Fourteenth Amendment, *id.*; and various portions of the Ohio Revised Code, *id.* ¶ 42, among other statutes and case law. Foster alleges that he established a "Deterrent Investigation Enforcement" board. *Id.* ¶ 9. This board is apparently both licensed

---

[1] Plaintiff originally moved to proceed in forma pauperis. ECF No. 2. That motion was denied because the plaintiff has accumulated more than three strikes under the Prison Litigation Reform Act. ECF No. 5. Plaintiff subsequently paid the filing fee. ECF No. 13.

1

under the Ohio Revised Code but also somehow a cabinet of the DOJ itself, "like the Office of Inspector General." *Id.* ¶ 9, 35–36. This Court's best guess is that the ADA complaints relate somehow to his employment with this fictional board. But the complaint also includes allegations of conspiracy and retaliation related to the opening of mail, *id.* ¶ 42, and even an unconstitutional seizure that ended with a "bullet" striking Foster, *id.* ¶ 51. And, finally, there are numerous references to the events of January 6, 2021. *See, e.g., id.* ¶ 3.

Rule 8 of the Federal Rules of Civil Procedures requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court is required to liberally construe *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But when a complaint is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," it "will patently fail [Rule 8's] standards." *Raja v. Fed. Deposit Ins. Corp.*, No. 16-cv-0511 (KBJ), 2021 WL 508578, at *2 (D.D.C. Feb. 11, 2021) (*quoting Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017)) (alteration in original).

The Court is sympathetic to the difficulties of proceeding *pro se*. Still, liberal construction cannot salvage this complaint. If this is an ADA complaint, plaintiff has not explained what his disability is, nor how the defendants have failed to accommodate it. Even if plaintiff *had* set out his alleged disability, he also moved to dismiss the state parties from the complaint, *see* ECF No. 19, so it is unclear who the ADA complaint is directed towards. The same can be said for the references to an unconstitutional seizure. Plaintiff is incarcerated in the Toledo Correctional Institution, a state prison, so it is unclear how the DOJ or the "White House" are implicated in his detention. Plaintiff has not managed to tie his allegations, which mainly consist of disparate legal arguments, to an actual claim against any one of the defendants. He has failed to set out a claim at all, let alone one that entitles him to relief.

Accordingly, the Court hereby **ORDERS** that plaintiff's amended complaint is **DISMISSED** *sua sponte*.

It is **SO ORDERED**.

Date: June 21, 2022

Hon. Royce C. Lamberth
United States District Judge